UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MURTAZA ALI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-CV-0027-CVE-FHM |
| ) | |
| TRAVIS LAMBERT, Det. Officer, ) | |
| Tulsa County Jail, ) | |
| GARY KAISER, Sgt., Tulsa County Jail, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is currently set for a jury trial on August 17, 2020, on plaintiff's claim that defendants used excessive-force against him, in violation of the Fourteenth Amendment, in October 2015, while he was detained at the David L. Moss Criminal Justice Center, in Tulsa, Oklahoma. Before the Court are two motions: (1) defendants' motion (Dkt. # 200) to dismiss this case for lack of prosecution and (2) plaintiff's motion (Dkt. # 203) "requesting an order for his presence" at trial. For the reasons that follow, the Court denies plaintiff's motion and takes under advisement defendants' dismissal motion. While the Court agrees with defendants that the case should be dismissed for failure to prosecute if plaintiff is unable to appear at trial, the Court will provide plaintiff an opportunity to obtain written consent from the United States Attorney General, or his designee, granting plaintiff permission to reapply for admission to the United States and to file with this Court, on or before August 6, 2020, a copy of such written consent. If plaintiff fails to file with this Court a copy of such consent, the Court will rule on defendants' motion to dismiss and the Court will grant defendants' request to dismiss this case with prejudice for the reasons stated in this order.

**I.**

In January 2016, when plaintiff filed his original complaint, he was detained at the Rolling Plains Regional Jail and Detention Center in Haskell, Texas, under the custody of Immigration and Customs Enforcement (ICE). Dkt. # 1, at 1.[1] Plaintiff submitted a proposed third amended complaint in February 2017, see Dkt. ## 71, 72, and the third amended complaint (Dkt. # 83) was filed on April 5, 2017.

Between April 28, 2017 and August 21, 2017, plaintiff updated his address three times, each time providing a residential address in El Paso, Texas. Dkt. ## 87, 88, 97. Following dismissal of the third amended complaint, Dkt. ## 98, 99, and plaintiff's appeal from that dismissal, Dkt. # 106, this Court reopened the case on March 5, 2019, Dkt. # 108. On March 13, 2019, plaintiff filed a notice of change of address indicating that his new address was in Pearland, Texas. Dkt. # 109. On May 13, 2019, the Court issued a scheduling order setting the jury trial in this matter for November 18, 2019. Dkt. # 117.

About six months later, on May 31, 2019, plaintiff filed a motion for appointment of counsel and mentioned, in a footnote, that he was residing in the United Arab Emirates (U.A.E.). Dkt. # 118, at 2 n.1. On July 1, 2019, the Court granted defendants' unopposed request to extend the discovery cutoff date and issued an amended scheduling order resetting the trial for January 21, 2020. Dkt. ## 121, 122. Shortly thereafter, on July 24, 2019, plaintiff filed a notice of change of address to provide the Court with his address in the U.A.E. Dkt. # 125.

Because plaintiff resides in the U.A.E. and appears in this matter without counsel, the parties conducted discovery via email, see Dkt. ## 141, 147, and the Court granted plaintiff's request to

---

[1] For consistency, the Court's record citations refer to the CM/ECF header pagination.

receive notification by email, through the court's electronic case management system, CM/ECF, when documents are filed in this case, Dkt. # 127. Upon plaintiff's unopposed request for additional time to complete discovery, the Court issued a second amended scheduling order, on September 17, 2019, resetting the trial for February 18, 2020. Dkt. ## 131, 132, 133.

On November 13, 2019, plaintiff filed a motion to compel discovery and a motion for extension of the discovery deadline. Dkt. ## 140, 141. Defendants opposed the first motion, but did not oppose the second. Dkt. ## 144, 145. By order filed November 25, 2019, the Court denied as moot plaintiff's motion to compel discovery but granted his request for a 30-day extension of the discovery deadline, resetting that deadline for December 12, 2019. Dkt. # 146.

On December 4, 2019, defendants moved for sanctions after plaintiff failed to appear in person for a November 6, 2019, deposition. Dkt. # 147. The Court referred the motion to Magistrate Judge Frank McCarthy, who scheduled a telephone hearing for December 12, 2019. Dkt. ## 148, 149. Before the hearing, plaintiff submitted a response urging the Court to deny defendants' motion and requesting an additional a 45 days for discovery. Dkt. ## 150, 151. During the motion hearing, plaintiff told Judge McCarthy that he was barred from returning to the United States because of "his immigration status due to his prior convictions" and suggested that "he would be able to return to the U.S. upon applying for a visa at the US Embassy in Dubai." Dkt. # 204, at 1-2. Following the hearing, Judge McCarthy denied defendants' motion for sanctions and granted plaintiff's request to extend the discovery deadline. Dkt. # 154. On December 12, 2019, the Court issued a third amended scheduling order rescheduling the trial for April 20, 2020. Dkt. # 155.

On January 2, 2020, defendants deposed plaintiff by telephone. Dkt. # 204, at 2. During the deposition, plaintiff testified that he would not be able to return to the United States because he had

3

been removed from the United States following criminal convictions in state and federal court. Dkt. # 204, at 2; Dkt. # 204-3, at 1-4. He further testified that he had been told by immigration attorneys, in 2017, that if he had a court order to appear for his civil trial, "it would be more than likely [the Embassy] would issue [him] a temporary [v]isa." Dkt. # 204-3, at 3-4. Plaintiff testified that, as of January 2, 2020, the date of his deposition, he had not applied for a visa. Dkt. # 204-3, at 2.

On February 27, 2020, the Court denied plaintiff's request to file documents electronically, through CM/ECF, but authorized plaintiff to submit documents for filing to the Clerk of Court via email. Dkt. # 162. By order filed March 2, 2020, the Court granted defendants' unopposed motion to modify the scheduling order and issued a fourth amended scheduling order but maintained the April 20, 2020, trial date. Dkt. ## 164, 165.

On March 3, 2020, plaintiff sought leave to appear by telephone for the parties' March 10, 2020, settlement conference, citing the fact that he resides in the U.A.E. Dkt. # 167. The motion was referred to the settlement judge, Magistrate Judge Jodi Jayne. Dkt. # 168. Over defendants' objection, Judge Jayne granted plaintiff leave to appear by telephone. Dkt. ## 171, 173. On the same day the settlement conference was held, plaintiff sought leave to appear at trial via videoconferencing. Dkt. # 175. In support of his motion, plaintiff asserted that "video-conferencing at trial is necessary as [p]laintiff is currently residing in Sharjah, U.A.E. and the logistical concerns is a 'compelling circumstance.'" Dkt. # 175, at 1. Nothing in the motion referenced either (1) that plaintiff's immigration status might prevent him from appearing for the jury trial that was then scheduled for April 20, 2020, or (2) that plaintiff had taken any steps, as of March 10, 2020, to obtain a visa. Dkt. # 175, generally. The Court denied the motion on March 18, 2020, finding that plaintiff's request was not promptly presented and that his residence in a foreign country was not a

compelling circumstance given that (1) plaintiff commenced this action in January 2016 while awaiting deportation, (2) plaintiff first informed the Court of his U.A.E. address in May 2019, and (3) plaintiff had known since December 2019 that the jury trial was scheduled for April 20, 2020. Dkt. # 179, at 1-5. The Court further found "that plaintiff's testimony in this case is too important to allow him to appear at trial via videoconferencing" and reasoned that "[b]ecause the jury will necessarily have to judge the credibility of plaintiff and defendants in determining the facts and circumstances of this case . . . the importance of plaintiff's personal appearance at trial weighs against granting his request to testify through a contemporaneous transmission from the U.A.E." Id. at 5. However, because it denied plaintiff's request to appear at trial via videoconferencing, and to ensure that all parties had adequate time to prepare for trial, the Court issued a fifth amended scheduling order, resetting the trial for June 15, 2020. Id. at 7; Dkt. # 180.

On March 25, 2020, plaintiff filed a motion (Dkt. # 182) urging this Court to reconsider his request to appear at trial via videoconferencing in light of "new evidence which was previously unavailable," namely, evidence that he could not appear at trial due to travel restrictions resulting from the COVID-19 pandemic. Plaintiff alleged that all airports in the U.A.E. had been closed until further notice, that he was unable to contact witnesses residing in India who treated his injuries after the alleged excessive-force incident, and that the U.S. Embassy in Dubai had stopped issuing visas until further notice. Dkt. # 182, at 3. In his motion for reconsideration, plaintiff also stated, "Notwithstanding the fact, [that the U.S. Embassy was not issuing visas] [he] would not be issued a visit visa to the United States as he was deported due to his prior convictions in Tulsa County District State Court and [the] U.S. District Court for the Northern District of Oklahoma." Id. at 2-3. The Court denied the motion for reconsideration, citing its prior decision to reschedule the trial for

5

June 15, 2020, noting that the Court could continue the trial, if necessary, in light of the ongoing pandemic, and citing plaintiff's candid admission that because he was removed from the United States based on his criminal convictions he likely could not obtain a travel visa "regardless of the current pandemic." Dkt. # 183, at 2.

On April 29, 2020, the Court, sua sponte, continued the trial to August 17, 2020, and rescheduled the pretrial conference for August 7, 2020, citing the Court's need to manage its civil trial docket in light of the COVID-19 pandemic. Dkt. # 185. The Court denied plaintiff's subsequent request to extend the remaining pretrial deadlines, as set forth in the fifth amended scheduling order. Dkt. ## 186, 189.

On May 27, 2020, defendants filed the instant motion (Dkt. # 200), seeking dismissal of this case for plaintiff's failure to comply with court orders and failure to prosecute. Plaintiff filed a timely response (Dkt. # 204) on June 10, 2020. That same day, plaintiff filed a separate motion (Dkt. # 203) asking this Court to issue an order requesting his presence at trial. He contends that this order is "required to 'Apply for Permission to reapply' for a visa because he "was deported from the US around April 1, 2017 due to his Oklahoma State and Federal convictions, barring him entry in to the US." Dkt. # 203, at 1.

## II.

Defendants move to dismiss this case, with prejudice, under Federal Rule of Civil Procedure 41(b), alleging that plaintiff failed to comply with court orders and failed to prosecute this action. While defendants briefly mention plaintiff's failure to comply with certain discovery orders, Dkt. # 200, at 4, they primarily argue that dismissal is warranted because plaintiff was removed from the United States in April 2017 and has known since that time "that he is barred from entering the

6

country unless and until he obtains permission from the United States Government," but has "failed to make any attempt to obtain this permission or comply with this Court's order to appear for trial," Dkt. # 200, at 1, 4, 9. Defendants further contend that plaintiff "deliberately misled this Court as to the true reason why he could not appear at trial." Dkt. # 200, at 9.

Plaintiff objects to several facts in the dismissal motion and urges the Court to deny the motion. He specifically asserts that he (1) notified Judge McCarthy during the December 12, 2019, motion hearing that he had been deported due to his criminal convictions and "would be able to get a [v]isa by a showing to the US Embassy [that] he had to enter US to attend his civil trial," Dkt. # 204, at 1-2, (2) testified during his January 2, 2020, deposition that he could not obtain a travel visa due to his immigration status unless he obtains a court order, id. at 2, (3) "attempt[ed] to file for a visit visa for entry to the US on April 10, 2020," but "was informed through [the] U.S. Embassy website that due to the Covid-19 situation no visas would be issued for entry into the U.S. till further notice," id., and (4) advised defendants on April 28, 2020, via email, that he attempted to apply for a visa but the U.S. Embassy in Dubai had "cancelled all visa services since March 17, 2020," id. at 5-6. Plaintiff argues that these circumstances show he did not mislead this Court about whether he could return to the United States and that he has diligently prosecuted his case. Id. at 7-11. In addition, plaintiff requests that this Court issue an order "for [his] physical presence" at his civil trial so that he may show "compelling circumstances" when he applies for a visa from the U.S. Embassy in Dubai at some point in the future when it begins accepting visa applications. Dkt. # 203, at 1.

### III.

Under FED. R. CIV. P. 41(b), a district court may dismiss an action if the plaintiff fails to prosecute the action, fails to comply with court orders, or fails to comply with federal rules of civil

procedure or local court rules. AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009). Because defendants seek dismissal with prejudice, Dkt. # 200, at 11, which "is a harsh remedy," the Court has considered the following non-exhaustive factors:

> (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

AdvantEdge Bus. Grp., 552 F.3d at 1236 n.2 (quoting Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co., 497 F.3d 1135, 1143-44 (10th Cir. 2007)). Notably, federal courts have considered similar factors in determining whether to dismiss an action filed by a pro se plaintiff when, as here, the party seeking dismissal relies on the plaintiff's removal from the United States to assert that the plaintiff has failed to prosecute a civil action. See e.g., Adegbuji v. Middlesex Cty., 347 F. App'x 877, 880-82 (3d Cir. 2009) (unpublished) (noting district court's should consider six factors before dismissing a case with prejudice); Brown v. Wright, No. 05-CV-82 (FJS/DRH), 2008 WL 346347, at *3 (N.D.N.Y. Feb. 6, 2008) (unpublished decision and order adopting magistrate judge's report and recommendation in whole) (applying five-factor analysis).[2]

In Brown, the district court adopted in whole a magistrate judge's report and recommendation in a case involving facts similar to those the instant case. In doing so, the district court agreed that the plaintiff in that case, despite his removal from the United States after filing the civil action, maintained communication with the court and opposing counsel, complied with his duty to notify the court of his current address, and failed to appear for a noticed deposition due to "his immigration

---

[2] Defendants do not cite, and the Court has not found, any cases within this circuit that speak directly to this point. The Court finds these, and other unpublished decisions cited herein, to be persuasive. See FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

8

status and not from a conscious choice not to appear." Brown, 2008 WL 346347, at *1-3. The court thus denied the defendants' motion to dismiss the case, without prejudice to renewal, based on the plaintiff's failure to appear at the deposition, noting that the deposition could be conducted over the telephone. Brown, 2008 WL 346347, at *4. But the court noted that "dismissal must occur upon [the plaintiff's] nonappearance at trial even if that nonappearance results from his deportation." Id. The court reasoned that the plaintiff, who was "proceeding pro se, must, of course, appear in person at trial both to present his claims and to testify concerning them." Id. The court nevertheless gave the plaintiff "an opportunity to obtain lawful re-admission to the United States," reasoning that the United States Attorney General, not the court, has authority to grant or deny consent for an alien previously removed from the United States to reapply for admission and that the court could not say with certainty that the Attorney General would deny plaintiff's request for such consent. Id.

Similarly, in Zavala v. Wal-Mart Stores, Inc., Civ. No. 03-5309 (GEB), 2010 WL 4668441, at *1-2 (D.N.J. Nov. 9, 2010) (unpublished), the district court considered the six factors discussed in Adegbuji in determining whether to dismiss an action maintained by two plaintiffs who had been removed from the United States. The court found that dismissal of the action, under FED. R. CIV. P. 41(b), was warranted based on the plaintiffs' "immigration status and resulting inability to appear for trial." Zavala, 2010 WL 4668441, at *1. The court reasoned that "[w]hile [the plaintiffs'] deportation occurred over three years ago, they made no efforts to gain re-entry into the United States until two weeks ago, after a trial date was set" and that "no less restrictive sanctions would be appropriate" because the issue was "plaintiffs' appearance at trial." Id. at 2. However, before dismissing the case, the court gave the plaintiffs an opportunity to seek permission to reenter the United States and a specific deadline for completing that task. Id.

9

Here, the procedural history of this case shows that plaintiff has been diligent in pursuing his claim against defendants, and the Court finds that plaintiff has substantially complied with the Court's orders. But, as further discussed below, the Court agrees with defendants that dismissal is warranted because it is also evident from the record (1) that plaintiff initially misled the Court about the fact that he was removed from the United States over three years ago, (2) that there is a substantial likelihood that his immigration status will prevent his appearance at trial, and (3) that plaintiff did not attempt to reapply for admission to the United States until recently, when it was clear that he would not be able to obtain a visa due to the COVID-19 pandemic.

First, as defendants contend, plaintiff has been less than forthcoming about his removal from the United States. Plaintiff commenced this action in January 2016, while he was detained by ICE in Texas. Dkt. # 1, at 1. And several of plaintiff's early pleadings and motions mentioned that he was being detained pending the conclusion of an immigration proceeding. See e.g., Dkt. # 1, at 21-27; Dkt. # 3, at 1; Dkt. # 26, at 2. But between April 28, 2017, and March 13, 2019, plaintiff updated his address on four separate occasions, each time representing that he was living in either El Paso, Texas or Pearland, Texas. Dkt. ## 87, 88, 97, 109. Similarly, in his notice of appeal, filed December 29, 2017, and his motion for leave to proceed on appeal in forma pauperis, filed January 29, 2018, plaintiff represented that he had been "released from incarceration/detention in April 2017" and that his "legal residence" was in El Paso, Texas. Dkt # 100; at 1; Dkt. # 104, at 5-6. The first time plaintiff advised this Court that he was living somewhere other than in Texas was on May 31, 2019, when he indicated, in a footnote in his motion requesting appointment of counsel, that he was residing in the U.A.E. Dkt. # 118, at 2, n.1. About two months later, plaintiff updated his address to reflect the same. Dkt. # 125. However, with their dismissal motion, defendants provided

10

documentation demonstrating that an immigration judge ordered plaintiff removed from the United States in February 2016, and that his appeal from the removal order was dismissed in June 2016. Dkt. # 200-1, at 11. In addition, plaintiff testified in his January 2020 deposition that he had been removed from the United States to New Delhi, India, on or about April 1, 2017. Dkt. # 200-1, at 10. On this record, there is more than sufficient support for defendants' contention that plaintiff "deliberately misled this Court and [d]efendants for months" about his immigration status and the potential that he may not be able to appear for trial. Dkt. # 200, at 4.

Second, the reason for plaintiff's removal from the United States creates a substantial likelihood that he will not be able to appear for trial. Plaintiff advised Judge McCarthy at the December 2019 motion hearing and testified during his January 2020 deposition that he was removed from the United States because he previously had been convicted of, and incarcerated for, committing federal and state crimes after being admitted to the United States. Dkt. # 204, at 1-2; Dkt. # 200-1, at 4-7. With their dismissal motion, defendants submitted documentation demonstrating that in November 2003, plaintiff pleaded guilty, in the District Court of Tulsa County, to two counts of being an accessory after the fact to first degree murder, and he was sentenced to serve 25 years in state custody. Dkt. # 200-1, at 16, 19. In July 2004, plaintiff pleaded guilty, in the United States District Court for the Northern District of Oklahoma, to one count of conspiring to possess a chemical which may be used to manufacture a controlled substance, knowing or having reasonable cause to believe that it would be used to manufacture a controlled substance and, in March 2005, he was sentenced to serve 11 months in federal custody, to be served consecutively to his state sentence. Dkt. # 200-1, at 23. Plaintiff was released from state custody after about 12 years, and completed his federal sentence in November 2015. Dkt. # 200-1, at 4-6. Because plaintiff

was removed from the United States on the basis of his criminal convictions, he appears to be inadmissible. See 8 U.S.C. § 1182(a)(2)(A)(i) (providing for inadmissibility of aliens convicted of certain criminal offenses); id. § 1182(a)(2)(B) (providing for inadmissibility of aliens convicted of multiple criminal offenses). It also appears that before plaintiff can reapply for admission, he must show either (1) that he remained outside the United States for five years following his removal, (2) that he remained outside the United States for twenty years following his removal, if his convictions are considered aggravated felonies, or (3) that "the [United States] Attorney General has consent[ed] to [his] reapplying for admission." 8 U.S.C. § 1182(a)(9); see also 8 C.F.R. § 212.2. As defendants contend, because plaintiff was removed in 2017, it appears he can only reapply for admission with the Attorney General's consent.

Third, plaintiff asserts that he applied for a visa on April 10, 2020, and that "[t]he delay in visa application was not caused by the Plaintiff, but due to Department of State suspension of all immigrant and nonimmigrant visas at all US embassies and consulates since March 20, 2020." Dkt. # 204, at 9. But, for several reasons, the Court finds that plaintiff's belated attempt to obtain a visa was not made in good faith. First, from December 12, 2019, until March 18, 2020, the jury trial in this matter was scheduled for April 20, 2020. Dkt. ## 155, 179. Yet, plaintiff testified at his January 2, 2020, deposition that he had been told by immigration attorneys in 2017 that he would need to obtain a visa before he could return to the United States for his civil trial, and (2) that, as of January 2, 2020, he had not applied for a visa. Dkt. # 200-1, at 9; Dkt. # 204-3, at 2-4. Over two months later, on March 10, 2020, plaintiff sought leave to appear at trial via videoconferencing. Dkt. # 175. But nothing in his motion suggested either (1) that his immigration status might bar his appearance at trial in April 2020, or (2) that he had tried but failed to obtain a visa. Dkt. # 175, generally. Third,

12

when plaintiff made what appears to be his first attempt to apply for a visa, on April 10, 2020, he did so with prior knowledge that the U.S. Embassy in Dubai was not processing visa applications due to the COVID-19 pandemic. See Dkt. # 182, at 3 (urging reconsideration of plaintiff's request to appear at trial via videoconferencing in motion filed March 25, 2020, because the U.S. Embassy in Dubai "halted all issuance of visas till further notice"); Dkt. # 204, at 9 (noting that the State Department suspended issuance of "all immigrant and nonimmigrant visas at all US embassies and consulates [on] March 20, 2020"). Moreover, while plaintiff appears to fault the State Department for the futility of his delayed attempt to obtain a visa, plaintiff also candidly admits that his prior criminal convictions, not any current pandemic-related travel restrictions, likely prevent him from obtaining a visa to reenter the United States so that he may appear at trial. Dkt. # 204-3, at 2-3; Dkt. # 204, at 2. Fourth, and finally, plaintiff appears to suggest that he cannot apply for a visa without a court order mandating his presence at trial. Dkt. # 203; Dkt. # 204, at 3 & n.2. More specifically, he asks this Court to issue an order requiring him to appear at trial and alleges that this order "would be essential for Plaintiff to show a compelling circumstances to the US Embassy in Dubai, U.A.E. for issuing him a visa for his presence at civil trial." Dkt. # 203, at 1. As previously discussed, plaintiff must obtain written consent from the Attorney General, not an order from this Court, to reapply for admission to the United States. 8 U.S.C. § 1182(a)(9); Brown, 2008 WL 346347, at *4. The Court therefore denies his motion requesting a court order mandating his presence at trial. But, even if plaintiff were correct that a court order would be either necessary or sufficient to support his visa application, plaintiff did not request an order from this Court requiring his presence at trial until June 10, 2020, two months after he made his first, and seemingly only, attempt to apply for a visa on April 10, 2020. Dkt. # 203; Dkt. # 204, at 12. For these reasons, the Court finds no support for

plaintiff's assertion that he is not responsible for his belated and unsuccessful attempt to obtain a visa to ensure his presence at trial.

Based on the foregoing, the Court finds that four factors weigh heavily in favor of dismissal. Plaintiff is culpable for his initial misrepresentations to this Court and defendants regarding his residential address, his current apparent inability to appear at trial in August 2020 due to his removal from the United States for prior criminal convictions, and his belated attempt to apply for a visa in April 2020 without the court order that he claims is "required" and when he knew the U.S. Embassy in Dubai would not process his application. The Court further finds that these same actions have prejudiced defendants and have interfered with the judicial process. And, as was the case in Zavala, 2010 WL 4668441, at *1-2, because the issue here is plaintiff's inability to appear in person for trial, the Court finds that no sanctions less restrictive than dismissal are available.

That said, the Court finds that two factors weigh against immediate dismissal. First, even though the Court made clear that plaintiff would not be permitted to appear at trial via videoconferencing because his live testimony was "too important," Dkt. # 179, at 5, the Court did not expressly warn plaintiff that this action could be dismissed with prejudice if he fails to appear in person at trial. Dkt. ## 179, 183. Second, plaintiff's request for a court order mandating his appearance at trial suggests that he may not fully grasp that his ability to reenter the United States depends on obtaining written consent from the U.S. Attorney General to reapply for admission, not on obtaining an order from this Court to appear at his civil trial.

On balance, the Court finds it prudent to hold defendants' dismissal motion under advisement until August 7, 2020, and to allow plaintiff an opportunity to obtain written consent from the United States Attorney General, or his designee, granting plaintiff permission to reapply for admission to

the United States. On or before August 6, 2020, plaintiff shall file with the Court a copy of the written consent of the United States Attorney General, or his designee, granting plaintiff permission to reapply for admission to the United States. If plaintiff fails to file with this Court a copy of such written consent, the Court will rule on defendants' motion to dismiss and the Court will grant defendants' request to dismiss this case with prejudice for the reasons stated in this order.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's "motion requesting an order for his presence at jury trial on August 17, 2020" (Dkt. # 203) is **denied**.

2. Defendants' motion to dismiss (Dkt. # 200) is **held under advisement** until August 7, 2020.

3. On or before August 6, 2020, plaintiff shall file with the Court a copy of the written consent of the United States Attorney General, or his designee, granting plaintiff permission to reapply for admission to the United States.

4. If plaintiff fails to file with the Court a copy of the written consent of the United States Attorney General, or his designee, granting plaintiff permission to reapply for admission to the United States, the Court will rule on defendants' motion to dismiss (Dkt. # 200), and the Court will grant defendants' request to dismiss this case with prejudice for the reasons stated in this order.

**DATED** this 23rd day of June, 2020.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE